**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

SOLEMA SIERRA,
Institutional ID No. 22018145;

NENA ZULEY;

TERRIA BURKS,
Institutional ID No. 22001738;

ALICIA RICH,
Institutional ID No. 22008591;

CHRISTINE MOSY,
Institutional ID No. 2201846;

VANESSA MARTINEZ,
Institutional ID No. 22076877;

HAILEY HAMILTON,
Institutional ID No. 22004918;

PINKIE BROWNING,
Institutional ID No. 22012875;

REBECCA CALDWELL;

ANABEL RAMIREZ,
Institutional ID No. 22017815;

TRISTENE ROBINSON;

SUMMER PRICE,
Institutional ID No. 22020646;

CHERYL PERES;

MOLLY BERRY,
Institutional ID No. 22014060;

DONNA HOPKINS,
Institutional ID No. 22020180;

JENNIFER LAWS,
Institutional ID No. 22011231;

ROSABLANCA HAYS,
Institutional ID No. 22017651;

NANCY JARAMILLO,
Institutional ID No. 22018509;

LESLI JONES;

LETICIA VAUGHN,
Institutional ID No. 22022561;

JOANNA MORENO,
Institutional ID No. 22012857;

BIANCA MORALES,
Institutional ID No. 22016387;

BRIANA MCGHEE,
Institutional ID No. 22021078;

KENIA RUBIO,
Institutional ID No. 22012215;

APRIL COFERILL,
Institutional ID No. 22018125;

ABIGAIL FONSECA;

JASMINE LIMAS,
Institutional ID No. 22016162;

ALEXANDRA RACLIFF,
Institutional ID No. 22021365;

JEMESE HENRY,
Institutional ID No. 9271;

RODERICKA DAVIS,
Institutional ID No. 22015956;

CARLA RITCHIE,
Institutional ID No. 22019120;

LEAH SALEM;

JANE DOE;

MICHELLE FUTES;

                Plaintiffs,

v.

DALLAS COUNTY JAIL,

                Defendant.

No. 5:22-CV-00131-C

## ORDER

Plaintiffs, 34 pretrial detainees proceeding pro se, jointly filed and signed a letter complaining about various alleged unlawful conditions of their confinement in the Dallas County Jail, including but not limited to excessive heat. They seek injunctive relief, asking the Court to "fix this situation." The Court construes their letter as a civil-rights complaint under 42 U.S.C. § 1983.

**1.     Joinder**

Under Rule 20, plaintiffs may join in a single action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). However, courts retain discretion to refuse joinder in the interests of fundamental fairness, judicial economy, or avoiding prejudice or delay. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010).

Here, each plaintiff signed the complaint.[1]  To the extent that Plaintiffs intend to proceed with their complaint jointly, the Court concludes that permissive joinder should be denied at this time and each plaintiff should be required to file a separate complaint asserting her individual claims. *See Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) (holding that the Prison Litigation Reform Act (PLRA) requires a separate action and payment of the full filing fee by each prisoner seeking to proceed *in forma pauperis*).  District Courts have long recognized the inherent difficulties associated with allowing multiple prisoner-plaintiffs to proceed jointly, especially after the enactment of the PLRA. *See Beaird v. Lappin*, 2006 WL 2051034, at \*4 (N.D. Tex. 2006).  Practical concerns include the possibility of inmate transfers, the need for each individual plaintiff to represent himself and sign all pleadings, the possibility that documents may be altered as they are circulated, the possibility of coercion by prisoners, and potential security issues.  Additionally, the Court cannot determine from the single complaint filed in this case how the alleged conditions of confinement affected each individual plaintiff. The likelihood of varying facts and injuries, and the potential for individual claims against Defendant support separating Plaintiffs' claims into separate suits.

Moreover, prisoners cannot file legal papers on behalf of other individuals. "It is well settled that with one narrow exception only licensed lawyers may represent others in court." *Thomas v. Estelle*, 603 F.2d 488, 489 (5th Cir. 1979).  The narrow exception applies only to prisoners seeking postconviction habeas relief with the help of "jail-house lawyers," not to civil-rights actions like the one here. *Id.*  Non-attorney individuals may not use the next-friend device as a pretense for the unauthorized practice of law. *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir.

---

[1] The Court notes that most, but not all, of the plaintiffs also included their institutional ID numbers alongside their signatures.  But one signature on the complaint is illegible, with no institutional ID number.  The Clerk has listed that plaintiff as "Jane Doe."

4

1978). Parties may "plead on their own behalf or [may] be represented by counsel," but one prisoner cannot advance arguments on behalf of another. 28 U.S.C. § 1654; *Mohwish v. Muhammad*, 248 F.3d 1139, 2001 WL 85900, at *1 (5th Cir. Jan. 2001).

**2. Class Action**

To the extent that Plaintiffs request class certification, their request must also be denied. "[T]he class action device exists primarily, if not solely, to achieve a measure of judicial economy, which benefits the parties as well as the entire judicial system. It preserves the resources of both the courts and the parties by permitting issues affecting all class members to be litigated in an efficient, expedited, and manageable fashion." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 410 (5th Cir. 1998). The Court "must conduct a rigorous analysis of the Rule 23 prerequisites before certifying a class." *Castano v. American Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996). The decision to certify a proceeding as a class action lies within the broad discretion of the district court, exercised within the limits set by Rule 23 of the Federal Rules of Civil Procedure. *Id.*

"Rule 23(a) provides that one or more members of a class may sue on behalf of all if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class." *Shipes v. Trinity Industries*, 987 F.2d 311, 316 n.3 (5th Cir. 1993); Fed. R. Civ. P. 23(1). These requirements are more commonly referred to as "numerosity, commonality, typicality, and adequacy of representation."

Rule 23(b) provides that an action may be certified as a class action if the requirements of subsection (a) are satisfied and, in addition, if the court finds that separate lawsuits would result

5

in inconsistent adjudications or adjudications that would substantially impair the interests of parties not in the class, final injunctive relief or declaratory relief would be appropriate for the class as a whole, or questions of law or fact predominate over any questions affecting the individual members of the class and the class action is the "superior" method for handling the class. Fed. R. Civ. P. 23(b). The parties seeking certification bear the burden of proving compliance with Rule 23. *Castano*, 84 F.3d at 740; *see also Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468, 471 (5th Cir. 1986) (holding that certification requires proof of both subsections (a) and (b) of Rule 23).

Even if Plaintiffs were able to establish numerosity, commonality, and typicality, the Court concludes that they cannot establish adequacy of representation. Plaintiffs are proceeding pro se. And courts consistently conclude that "the competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it is plain error to permit a prison inmate unassisted by counsel to represent a class of fellow inmates); *see also McGrew v. Texas Bd. of Pardons and Paroles,* 47 F.3d 158, 162 (5th Cir. 1995) (finding it dubious that a pro se prisoner could serve as an adequate class representative, particularly when his own pleadings failed to state a cause of action); *see also Rudzavice v. Wilson*, No. 4:21-cv-176, Dkt. No. 4 (N.D. Tex. 2021) (collecting cases). Because Plaintiffs are proceeding pro se, they cannot show that any one of them individually could fairly and adequately protect the interests of each other. Thus, the Court concludes that Plaintiffs have not met the requirements of Rule 23(a).

Plaintiffs have also failed to demonstrate that this complaint complies with Rule 23(b). *See McGrew*, 47 F.3d at 162 (denying class certification when an inmate alleged numerous other inmates had an interest, but he did not address any other requirements of Rule 23). The Court

6

has reviewed the complaint and finds that no argument can be made that "inconsistent or varying adjudications" of each individual potential plaintiff's claims will establish incompatible standards of conduct for Dallas County Jail sufficient to justify certification under Rule 23(b)(1)(A).

And although Plaintiffs' complaint appears to raise questions of law and fact that might be common to others as required by Rule 23(b)(3), they also allege some claims that are specific to individual plaintiffs. Moreover, Plaintiffs' general allegations are vague, conclusory, and wholly insufficient to demonstrate that group fact questions predominate over the fact questions affecting each individual potential plaintiff. In short, Plaintiffs have not met the requirements of Rule 23. As a result, to the extent that Plaintiffs request class certification, their request is denied.

**3.     Conclusion and Instructions**

For these reasons, it is **ORDERED**:

(1)     Plaintiffs' requests for joinder and class certification, to the extent that they assert them here, are denied.

(2)     The complaint of **Solema Sierra** will continue under this Civil Action No. 5:22-CV-00131-C. All other plaintiffs will be terminated from this action.

(3)     The complaints of each of the other 32 named plaintiffs (not including "Jane Doe") shall be **SEVERED** into separate actions for each Plaintiff, with a new cause number being assigned to each Plaintiff. In each of the new civil actions, the Clerk shall file a copy of this Order and the Complaint (Doc. 1) on file in this Civil Action No. 5:22-CV-00131-C.

7

(4)     The complaint of the "Jane Doe" plaintiff, whose signature on the original complaint was illegible, is dismissed without prejudice. The Court lacks sufficient information to communicate with her about her complaint and notify her of the deficiencies.

(5)     Each plaintiff shall, **within twenty (20) days from the date of this Order**, either pay the filing fee of $402.00[1] or file the following with the Clerk: (a) a signed Application to Proceed *in Forma Pauperis*; (b) a copy of her inmate trust account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of his complaint, **certified** by one of the officers at the institution where Plaintiff is incarcerated; and (c) a signed copy of the AUTHORIZATION portion of the Certificate of Inmate Trust Account or a signed copy of any consent form or authorization that the institution having custody of Plaintiff requires to allow it to access a prisoner's inmate trust fund account, to collect funds from the account, and to pay those funds to the Clerk of the District Court.

(6)     In addition, each plaintiff shall, **within twenty (20) days from the date of this Order**, file an Amended Complaint setting forth her specific claims. Each plaintiff shall use the form provided by the Court and shall answer each question, setting forth her entire complaint on the form unless it is necessary to attach additional pages. Plaintiffs shall not incorporate by reference, or otherwise, any portion of the complaint previously submitted and shall not attach the prior complaint or amended complaint as an exhibit. Each plaintiff must sign her Amended Complaint.

---

[1] Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, a $350 filing fee will be deducted from the prisoner's account. *See* District Court Miscellaneous Fee Schedule. If the prisoner plaintiff has not been granted leave to proceed *in forma pauperis*, he must pay the $350 fee plus a $52 administrative fee, resulting in a total filing fee of $400. *See id.* The Prison Litigation Reform Act (PRLA) requires each plaintiff to pay the full filing fee, even if he is granted leave to proceed *in forma pauperis*. 28 U.S.C. § 1915. Prisoners cannot avoid the PLRA's fee requirement by filing jointly. *See Bouribone v. Berge*, 391 F.3d 852, 854–56 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194, 1196 (11th Cir. 2001). The PLRA cannot be circumvented through the "creative joinder of actions." *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998).

**Failure of any of the plaintiffs to file the required documents will result in a denial of *in forma pauperis* status and a dismissal of that plaintiff's complaint for want of prosecution without further notice, unless the filing fee of $402.00 is timely paid.**

(7)     Service of process will be withheld pending judicial screening pursuant to 28 U.S.C. § 1915(e)(2).

(8)     No amendments or supplements to the complaint may be filed without prior Court approval.  A complete amended complaint must be attached to any motion to amend.

(9)     All discovery in this case is stayed until an answer is filed or until further order.

(10)     No motions for appointment of counsel may be filed until the Court has completed its screening pursuant to 28 U.S.C. § 1915(e)(2), which may include a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), or other proceedings deemed appropriate by the Court.

(11)     Each plaintiff must promptly notify the Court of any change of address by filing a written notice of change of address with the Clerk.  Failure to file this notice may result in that plaintiff's case being dismissed for want of prosecution.

(12)     The Clerk shall mail to each of the Plaintiffs a 42 U.S.C. § 1983 complaint form marked, "Amended Complaint," an Application to Proceed *in Forma Pauperis*, and a Certificate of Inmate Trust Account and Authorization, each marked with the cause number assigned to their respective new complaint for their use in complying with this Order.

Dated July __11__, 2022.

SAM R. CUMMINGS
Senior United States District Judge

9